IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JASON SMITH,<br><br>　　　　Defendant. | Case No. CR13-0054<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of July, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 23, 2013, Defendant Jason Smith was charged by Indictment (docket number 2) with distribution of child pornography (Count 1), receipt of child pornography (Count 2), and possession of child pornography (Count 3). At the arraignment on July 26, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 23, 2013. The issue before the Court at this time is whether Defendant should be detained pending trial. By agreement of the parties, the evidence was submitted by proffer.

In December 2011, law enforcement began investigating peer-to-peer downloading of child pornography from a computer located at Defendant's residence. In February 2012, a search warrant was executed at Defendant's residence. Law enforcement seized

1

a hard drive from Defendant's residence. At that time, investigators also questioned Defendant and he admitted downloading child pornography. A forensic examination of the seized hard drive revealed over 30,000 images of downloaded child pornography. Additionally, a video was found on the hard drive, and Defendant admitted posing as a woman to entice two young boys to be video recorded masturbating on camera. Lastly, as recently as April 2013, law enforcement determined that Defendant emailed a video to another individual containing child pornography.

According to the pretrial services report, Defendant is 20 years old. He has lived his entire life in Cedar Rapids, Iowa. He has resided with his parents at the same address for the past five years, and if released would return to their residence. He has never been married and has no children.

For the past month, Defendant has been employed part-time as a food nutrition assistant at Mercy Medical Center. From December 2012 to March 2013, Defendant was employed as a transportation security officer at the Eastern Iowa Airport. Defendant told the pretrial services officer that he was terminated from that position for arriving late to work on a "couple" of occasions. Defendant has also been enlisted in the National Guard for the past three years.

Defendant is in good physical health. As an adolescent, Defendant was treated for attention deficit hyperactivity disorder, but has not been treated for any other mental or emotional health conditions since that time. He has no history of alcohol or substance abuse. Defendant has no prior criminal record.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the

3

defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden

of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with distribution of child pornography, receipt of child pornography, and possession of child pornography . Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. In December 2011, law enforcement had information that child pornography was being shared using peer-to-peer software from a computer with an IP address corresponding to an account at Defendant's residence. In February 2012, investigators conducted a search of Defendant's residence. A hard drive was seized and over 30,000 images of child pornography was found on it. Defendant admitted sharing and downloading child pornography. Defendant also admitted posing as a woman to entice two young boys to be video recorded while maturbating on camera. Lastly, as recently as April 2013, Defendant emailed a video containing child pornography to another individual.

As a general proposition the the distribution, receipt, and possession of child pornography constitutes a danger to the community. The Court is particularly concerned with crimes involving child pornography because the viewing and sharing of child pornography creates a market for such items and causes the victimization of children. Here, the Court is especially concerned because the Defendant learned that he was under investigation for child pornography in February 2012, but continued to engage in activities involving child pornography as recently as April 2013. Moreover, Defendant also admitted posing as a women to entice two young boys to engage in sexual acts, which he

video recorded. Additionally, Defendant downloaded more than 30,000 images of child pornography to his computer. Therefore, based on the serious nature of the offenses, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community. Accordingly, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 26, 2013) to the filing of this Ruling (July 31, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 31st day of July, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA